UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| ANTHONY J. JONES | CIVIL ACTION NO. 24-0297 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| SHERIFF CLAY BENNET, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

**REPORT AND RECOMMENDATION**

Plaintiff Anthony J. Jones, a prisoner at Franklin Parish Detention Center proceeding pro se and in forma pauperis, filed this proceeding on approximately February 15, 2024, under 42 U.S.C. § 1983. He names the following defendants: Lieutenant Shondra Kirkland and Sheriff Clay Bennet.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff alleges that on February 1 and 2, 2022, at Caldwell Correctional Center, he "filed a PREA[2] complaint via kiosk machine to PREA screening officer, Lieutenant Shondra Kirkland, alerting her that [he] was being sexually harassed by [Offender Brandon] to give oral sex beyond [his] will." [doc. #s 1, p. 3; 9, p. 6]. He explained to Kirkland that he was in danger and needed help. [doc. # 1, p. 3]. Kirkland allegedly responded that Plaintiff should "do whatever [he] had to do" and that she would "look into the situation[.]" *Id.* Plaintiff claims that Kirkland did not render any help, despite having the authority to remove him from the dormitory and prevent harm. [doc. #s 1, p. 3; 9, p. 6].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

[2] By PREA, Plaintiff refers to the Prison Rape Elimination Act.

Plaintiff alleges that "on the night of" February 2, 2022, Offender Brandon wielded a "knife like object" and forced Plaintiff to perform oral sex on him in the shower. [doc. #s 1, p. 3; 9, p. 7]. Plaintiff reported the attack "the morning of February 3, 2022." [doc. # 9, p. 2].

After notifying Kirkland of the attack, Kirkland removed Plaintiff from the dormitory and assigned him to a "cell under protective custody[.]" [doc. # 9 p. 8].

Plaintiff claims that on February 3, 2022, Lieutenant Kirkland and Sheriff Bennet did not follow protocol under the PREA, failing to grant him a mandatory medical assessment, test him for HIV, and swab for a semen sample. [doc. # 9, p. 4].

Plaintiff seeks $250,000.00 to compensate him for his mental anguish, pain, and suffering. [doc. # 1, p. 5].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* A complaint fails to state a claim where its factual allegations do not "raise a

3

right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Statute of Limitations**

To recapitulate, Plaintiff claims that "on the night of" February 2, 2022, Lieutenant Kirkland failed to protect him from another inmate, Offender Brandon, who forced him perform oral sex. Plaintiff also claims that on February 3, 2022, Lieutenant Kirkland and Sheriff Bennet did not follow protocol under the PREA, failing to grant him a mandatory medical assessment, test him for HIV, and swab for a semen sample. [doc. # 9, p. 4].

4

District courts are authorized to dismiss claims as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for Section 1983 actions is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (*quoting Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)). In other words, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brockman*, 397 F. App'x at 22.

Here, Plaintiff's claims—that Lieutenant Kirkland failed to protect him from harm and that Kirkland and Sheriff Bennett did not follow protocol under the PREA—accrued at the latest on February 3, 2022. Plainly, Plaintiff knew or had reason to know of the alleged actions/omissions the day they occurred.[4] Plaintiff had one year from then, or until February 3,

---

[4] *See White v. Zerangue*, 57 F. App'x 210 (5th Cir. 2002) (affirming a finding that a failure-to-protect claim against law enforcement officers accrued the day the inmate was attacked by fellow inmates).

2023, to file his claims.  As Plaintiff did not file this proceeding until, at the earliest, February 15, 2024,[5] the claims are, on their faces, subject to dismissal under the statute of limitations.

The limitations period is subject to tolling in certain circumstances.  Plaintiff, however, does not argue that the limitations period was tolled.[6]

Out of caution, the undersigned observes that Plaintiff purportedly initiated and completed an administrative remedy procedure, filing grievances or appeals at all three 'steps.' [doc. #s 1, p. 2; 9, p. 1].  Under LA. REV. STAT. § 15:1172(E),[7] "Liberative prescription for any delictual action for injury or damages arising out of the claims asserted by a prisoner in any complaint or grievance in the administrative remedy procedure shall be suspended upon the filing of such complaint or grievance and shall continue to be suspended until the final agency decision is delivered."  "[I]f prescription is suspended, the period of suspension is not counted toward the accrual of prescription but the time that has previously run is counted." *Adams v. Stalder*, 934 So. 2d 722, 725 (La. Ct. App. 2006).[8]

---

[5] Plaintiff signed his initial pleading on February 15, 2024.  [doc. # 1, p. 5].

[6] If Plaintiff contends that his claims were tolled for any reason, he may present his contention in an objection to this Report and Recommendation.

[7] *See Davis v. Young*, 624 F. App'x 203, 207 (5th Cir. 2015) (noting that the forum state's tolling law applies).

[8] *See Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999) (holding that the prescriptive period is tolled while an inmate pursues his administrative remedies); *Edwards v. Miller*, 385 F. App'x 405, 406 (5th Cir. 2010) (observing that the statute of limitations is tolled while grievance proceedings are pending).

6

Here, over one month elapsed untolled from when Plaintiff's claims accrued, at the latest, on February 3, 2022, before he initiated the administrative remedy procedure and tolled the statute of limitations, at the earliest, in "late March" 2022.[9] [doc. # 9, p. 1].

Plaintiff received responses "from all remedy procedure [sic]" at the latest in or before May 2022, when he was assigned to lockdown. He writes that "all steps [were] concluded and responses . . . [were] given." Thus, the statute of limitations was tolled or suspended from "late March" 2022, until May 2022, when he received the final response to his grievances at the final step of the procedure. *See Harris*, 198 F.3d at 158 (citing LA. CIV. CODE art. 3472, and observing, "Once a plaintiff becomes legally capable of bringing an action to vindicate or enforce his rights, prescription resumes.").

Untolled time resumed elapsing, at the latest, on June 1, 2022, after Plaintiff received the final response to his grievances at the final step of the administrative remedy procedure. From then until February 14, 2024 (the day before Plaintiff filed this proceeding on February 15, 2024), 623 days (or 1 year, 8 months, and 13 days) elapsed untolled.

Adding the initial untolled period—from when Plaintiff's claims accrued to when he initiated the administrative remedy procedure—to the subsequent untolled period above—from when Plaintiff completed the administrative remedy procedure to the day before he filed here—totals over 1 year and 9 months of untolled time which elapsed before Plaintiff initiated this proceeding. Plaintiff's claims are therefore untimely.[10]

---

[9] Plaintiff initiated the grievance process in "late March early April of 2022." [doc. # 9, p. 1].

[10] *See generally Spurlock v. Jones*, 709 F. App'x 293 (5th Cir. 2018) (affirming that a federal prisoner's suit was untimely on its face and that, even though the prisoner pursued administrative remedies, the suit was still untimely because the prisoner's claims were exhausted at the highest level of administrative review, under federal regulations, more than one year before he filed suit).

Of note, Plaintiff mentions that after he received all responses to his grievances and requested a form for filing a lawsuit under Section 1983, he was assigned to lockdown and "Caldwell officials" destroyed all his paperwork. [doc. # 9, p. 1]. He remained in lockdown "from May 2022 to August 2022[.]" *Id.*

Even assuming Plaintiff's time in lockdown without his paperwork further tolled or suspended the statute of limitations, his claims remain untimely. If Plaintiff was only capable of filing this proceeding at the latest on September 1, 2022, when he was no longer in lockdown, a total of over 1 year and 6 months still elapsed untolled before Plaintiff filed this proceeding (2/3/2022-3/1/2022[11] + 9/1/2022-2/14/2024).

The Court should dismiss Plaintiff's claims because it is clear from the face of the pleadings that the statute of limitations bars them.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Anthony J. Jones's claims be **DISMISSED WITH PREJUDICE** as untimely, frivolous, and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

---

[11] This period of untolled time is the (approximately) one month which elapsed after Plaintiff's claims accrued but before he initiated the administrative remedy procedure.

8

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 26th day of April, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge